UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                      MEMORANDUM AND ORDER

  -against-                              CV 05-0567 (LDW) (JO)

RAYMOND DAVID MARQUEZ,

                Defendant.
-------------------------------------------------------X
WEXLER, District Judge

Plaintiff United States brings this action against pro se defendant Raymond David Marquez ("Marquez") to collect allegedly unpaid assessed federal income taxes for the years 1991 through 1993 and 1996 through 1999. Plaintiff moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant opposes the motion.

Plaintiff presents evidence showing that Marquez filed late tax returns for the years in question and failed to pay the amount he reported to be due with or prior to the filing of each return. Plaintiff seeks to recover taxes due in the amounts reported by Marquez in his returns, together with penalties and interest, less amounts paid or credited for the various tax years.

In opposing the motion, Marquez argues that genuine issues of material fact exist, requiring denial of plaintiff's motion. Marquez maintains that plaintiff fails to submit admissible evidence that there was ever an "assessment" with respect to any of the taxes, penalties or interest at issue. Marquez further argues that an action for collection of taxes is barred if taxes are not assessed within three years of the filing date of the particular return, and, because no assessments were made, this action is barred as to all of the tax years at issue. Marquez also argues that this action is time-barred as to the 1992 tax year because this action was not filed within 10 years of the date plaintiff contends an assessment was made.

Plaintiff maintains that the evidence it has submitted is sufficient to prove that timely assessments were made for each tax year, and that, regarding the 1992 tax year, Marquez incorrectly relies on a typographical error made by plaintiff in its memorandum of law as to the alleged assessment date for that year.

Upon consideration, the Court finds that plaintiff is entitled to summary judgment, as there are no genuine issues of material fact. Contrary to Marquez's arguments, plaintiff has presented sufficient evidence, in admissible form, to establish the timely assessment of taxes, penalties and interest for each of the years at issue. Technical Services Advisor Andrew Baron ("Barone"), of the Internal Revenue Service's (the "IRS") Small Business/Self-Employed Compliance Technical Services Advisory Unit, submits an "Affidavit of Debt" sufficiently setting forth, in relevant and admissible form, the assessment amounts and dates for taxes, penalties and interest for each of the tax years at issue. Barone's affidavit indicates that the assessment and payment data he provides comes from the IRS's files and records with respect to Marquez. The affidavit shows that an assessment was made for each tax year at issue within the applicable three-year limitation period of 26 U.S.C. § 6501, and that this action was commenced within the applicable ten-year limitation period of 26 U.S.C. § 6502 for each tax year at issue.

Accordingly, plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit a judgment.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 12, 2007